REDMANN, Judge.
Petitioner seeks a writ of habeas corpus in this court to terminate his commitment by the Juvenile Court for the Parish of Orleans. Petitioner alleges that he was committed when he was 17, but has now reached 18, years of age.
Asserting that under La.C.C. art. 37, as amended, La. Acts 1972, No. 98,[1] he is no longer a “minor”, and that under La.R.S. 13:1580(2) [both before and after its amendment by Acts 1974, No. 155] a juvenile court commitment may not extend “beyond the minority of the child”, petitioner argues that he is being detained without legal authority. Petitioner cites State in Interest of Braswell, La.App. 2 Cir. 1974, 294 So.2d 896 [writ refused on application of Braswell, La., 296 So.2d 836], in support of his argument.
Ordinarily we would refer an application for habeas corpus to a court of first instance for hearing. However, because of our disagreement with Braswell, we prefer to refuse the writ as not available even assuming petitioner has reached the age of 18.

“Minority’’

“Minority” has always meant under the age of 21, for purposes of R.S. 13:1580(2) [at least prior to its 1974 amendment, under which petitioner was not committed]. R.S. 13:1572, first para., has, at least since 1950, declared that when jurisdiction over a child is obtained under R.S. 13:1570 (as here), “such child . . . shall continue under the jurisdiction of the court until he becomes twenty-one years of age unless discharged prior thereto by the court.” Thus the last paragraph of R.S. 13:1572, in speaking of jurisdiction “[u]ntil such time as the child attains his majority or shall have been ordered discharged”, must be construed as meaning “until 21 or dis *63 charge”. Thus too, we repeat, “minority , as in R.S. 13:1580(2), had to be construed as meaning under 21.
The juvenile court law’s age of minority was thus the same as that of the Civil Code, art. 37: “Minors are those . who have not yet attained the age of one and twenty years complete . . . .”
In 1972, however, responding to a national movement to lower the voting age to 18, the Louisiana Legislature enacted Act 98, which amended Civil Code art. 37 to read: “Persons of the age of eighteen years shall be considered of full age and until they attain that age, shall be minors. . ” But the title of this Act (whose body could not constitutionally accomplish a broader purpose, La.Const. 1921, art. 3, § 16) shows its purpose to be only “to fully emancipate persons at the age of eighteen [years].” (And we may here note that emancipation never did affect the Juvenile Court’s authority over a child; see former R.S. 13:1569(3).) Most important, the same Legislature in the same year by Act 346 (whose purpose also was “to fully emancipate persons at the age of eighteen and to provide that eighteen years of age shall be the age of majority”) amended three other Civil Code articles to make majority effective at age 18: but Section 2 of Act 346 declares:
“The provisions of this Act shall not be construed as to affect the authority of the department of corrections to retain custody of any person between the ages of eighteen and twenty-one years who was committed to the custody of said department prior to reaching the age of eighteen years.”
Accordingly we hold that the 1972 reduction of the age of majority from 21 to 18 in the Civil Code articles was not intended to and does not have the effect of discharging from juvenile court commitment those persons who reach age 18; that R.S. 13:1572 remains unamended, granting jurisdiction until “twenty-one years of age”, which remains the age at which “minority” ends within the meaning of the juvenile court laws, specifically R.S. 13:1580(2) [we are not concerned with the 1974 amendment thereto].
The application for habeas corpus is denied.

. Art. 37 was again amended by Acts 1974, No. 91, so that it now reads: “Minors are those who have not attained the age of eighteen years.”