BOLIN, Judge.
Faye Doris McConnell, a fourteen year old female, was adjudicated a delinquent based upon the finding that she committed manslaughter. The juvenile court ordered her committed to the Louisiana Department of Corrections for an indefinite period of time not to exceed her twenty-first birthday. She appeals and questions the validity of the commitment order. We affirm.
Subject to certain exceptions, juvenile courts have exclusive jurisdiction over any child who commits a delinquent act while under the age of seventeen. La.R.S. 13:1569-70. A child who is adjudicated a delinquent may then be committed to the Louisiana Department of Corrections for an indefinite period, but in no case beyond his twenty-first birthday. La.R.S. 13:158o.[1] However, the confinement period may not exceed the length of time for which an adult could be confined if convicted of the offense which forms the basis for the adjudication of delinquency. Id. The child remains under the jurisdiction of the juvenile court until age twenty-one unless he is discharged prior thereto by the court. La.R.S. 13:1572.
The commitment order in this case is clearly proper under the legislation. However, appellant contends that this statutory scheme, which permits confinement past the age of majority, violates her due process and equal protection rights under the Fourteenth Amendment to the U.S. Constitution. The record does not clearly reflect that appellant raised this constitutional challenge in the lower court. Assuming, without so holding, that the objection was timely raised below, we shall address ourselves to appellant’s arguments.
Appellant first argues that at age eighteen she becomes a “major” under La. Civil Code article 37, and that her rights as a major will be abridged if the juvenile court retains jurisdiction over her until the age of twenty-one. We find this argument to be without merit because the jurisdiction of the juvenile court is not dependent upon the provisions of the civil code defining minority or majority. State v. Dubois, 334 So.2d 412 (La.1976). The decision by the legislature to provide for confinement until the age of twenty-one (La.R.S. 13:1580) of those persons who have committed a delinquent act prior to their seventeenth birthday is not prohibited by our constitution.
Appellant next argues that the constitutional rights to a public trial and a trial by jury, applicable in criminal prosecutions, will be violated once she reaches her eighteenth birthday. She apparently argues that she cannot be confined for the three *1056 year period between the ages of eighteen and twenty-one if her juvenile adjudicatory hearing was conducted without observing the constitutional rights to a public trial and trial by jury.
We find this argument to be without merit. The right to a public trial or a trial by jury is not dependent upon age but upon the type of proceeding involved. The Louisiana Supreme Court has recently held that juveniles may elect to have a public adjudicatory hearing but that a juvenile does not have a right to a jury trial. State in Interest of Dino, 359 So.2d 586 (La.1978). Because appellant did not request a public hearing, we find that her adjudicatory hearing is not constitutionally infirm and that the resulting commitment order is proper.
The judgment below is affirmed.

. Prior to its amendment in 1975, La.R.S. 13:1580 provided that a child could be committed for an indefinite period “but in no case beyond the minority of the child.” Confusion arose when LA.C.C. art. 37 was amended in 1972 to lower the age of majority from twenty-one to eighteen. Relying upon this amendment to the Civil Code, this circuit held that a juvenile could only be committed until his eighteenth birthday. State in Interest of Braswell, 294 So.2d 896 (La.App. 2d Cir. 1974), writ denied 296 So.2d 836 (La.1974). The fourth circuit in In re Pittman, 315 So.2d 62 (La.App. 4th Cir. 1975), writ denied 316 So.2d 398 (La.1975), held to the contrary by reasoning that the amendment to article 37 was not intended to have the effect of discharging from juvenile court commitment those persons who reach age eighteen. This apparent conflict was eliminated by Act 756 of 1975 which amended La. R.S. 13:1580 to specifically provide for commitment up to the age of twenty-one.