385 So.2d 311 (1980)
STATE of Louisiana In the Interest of Randy Wayne WINSTEAD.
No. 13098.
Court of Appeal of Louisiana, First Circuit.
March 31, 1980.
Richard Miller, Probation Officer, Leonora C. Estes, for plaintiff-appellee State of Louisiana.
Gail H. Ray, Baton Rouge, for defendant-appellant.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
This is one of four appeals arising from the same incidents at Greenwell Springs Hospital and involving the same legal issues.
Defendant appealed an adjudication of delinquency.
The issues are:
(1) Applicability of La.C.Cr.P. Art. 894.1 to juveniles; and
(2) Validity of sentence.
We affirm.
Defendant and three other youths broke into a nurse's station at Greenwell Springs Hospital and stole some car keys. They threatened the hospital staff with some pipes they had armed themselves with. They escaped in a nurse's car, were chased by a sheriff's deputy and eventually were apprehended.
The defendant was charged with aggravated assault, unauthorized use of a movable, and resisting arrest. He pleaded guilty to all three counts and received a six month sentence on each count, to run consecutively.
Defendant argues that the court has not complied with sentencing guidelines in the Code of Criminal Procedure, especially La.C.Cr.P. Art. 894.1[1] and that the sentences were excessive and not supported by adequate reasons.
La.C.Cr.P. Art. 894.1 has no counterpart in the Code of Juvenile Procedure, even though the latter is of much more recent *312 effective date.[2] We can find no authority for this transposition and none has been cited to us. Defendant evidently assumes without explicit expression that the procedure set forth in the article is of constitutional status. We have found neither constitutional nor jurisprudential authority for this contention.
Articles 83 and 86[3] of the Code of Juvenile Procedure control the disposition of a *313 juvenile after having been adjudicated a delinquent. These grant much discretion to the court because of the special nature of the juvenile proceeding. The court must balance the needs of the child with the best interest of society. There is no requirement that the court give reasons for its judgment.
In sentencing, the court said:
"From your pre-dispositional reports, although some of the recommendations were that some of you not be placed in LTI, I didn't go along with that. Because your pre-dispositional reports indicated to me for years, people have been trying with you. They have been doing what they can to help you. So that the message will get back to Greenwell Springs and your buddies there, that I don't intend to let the people who try to help kids out at Greenwell Springs Hospital, be abused. I don't intend for the people who live in this Parish, to be abused either by those children who decide that they don't want the help out there and for one reason or another, they are going to escape."
Defendant argues that the court below was making an example of defendant rather than following the guidelines imposed by law. We have read the entire record in this case, including the testimony and the pre-disposition report. Considering all of the facts shown, we find the sentenced imposed to be fully supported. The fact that the court chose to deliver a lecture before making the disposition does not invalidate the sentence.
The judgment is affirmed. All costs are assessed against the State of Louisiana.
AFFIRMED.
NOTES
[1] La.C.Cr.P. Article 894.1:

"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence."
[2] Article 24 of the Code of Juvenile Procedure provides:

"The provisions of this Code, except as otherwise specially provided in the law being applied, shall govern and regulate the proceedings of courts exercising juvenile jurisdiction.
Where procedures are not provided in this Code, or otherwise by law, the court shall proceed in accordance with:
(1) The Code of Criminal Procedure in a criminal trial of an adult; or
(2) The Code of Civil Procedure in all other matters."
[3] Articles 83 and 86 of the Code of Juvenile Procedure:

"A. In cases in which a child has been adjudicated a delinquent the court may:
(1) Place the child in the custody of his parents or other suitable person under such terms and conditions as deemed in the best interests of the child and the public;
(2) Place the child on probation in the custody of his parents or other suitable person under such terms and conditions as deemed in the best interests of the child and the public;
(3) Order a child to attend any school as a condition of probation, if the school admits the child;
(4) Commit the child to the custody of a private or public institution or agency;
(5) Commit a child thirteen (13) years of age or older to the custody of the Department of Corrections;
(6) Commit a child under thirteen (13) years of age adjudged a delinquent for the commission of an act which if committed by an adult would constitute a felony to the custody of the Department of Corrections;
(7) Commit a child found to be mentally defective to a public or private mental institution or an institution for the mentally defective; or
(8) Make such combination of the above dispositions or such other disposition as the court deems to be in the best interest of the child, including ordering the child to make reasonable restitution.
B. The court may defer or suspend execution of the judgment of disposition and place the child on probation under such terms and conditions as deemed in the best interest of the child and public.
C. A child may be committed to a juvenile detention center or other suitable facility or, if no such facility is available, to the Department of Corrections for a direct contempt of court or for constructive contempt due to repeated failure to comply with a judgment of disposition. Provided, however, that no child committed under this provision shall be physically housed in the same dormitory, room or area used to house children adjudicated delinquent for behavior other than direct or constructive contempt. Commitment for each contempt shall not exceed fifteen (15) days, including time spent in detention for the contempt prior to adjudication for contempt."
Article 86:
"A. The court should impose the least restrictive disposition which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society. The court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal.
B. If the court commits a child to a private institution or agency, it shall select one that is licensed by the Department of Health and Human Resources. Where no institution, social agency or association licensed by the Department of Health and Human Resources for care or placement of children is available to the court, the court may commit the child to some other institution, social agency, or association, which in the judgment of the court is suitable for the care of such child.
C. In committing a child to the custody of an individual or a private agency or institution, the court shall, whenever practicable, select a person, agency, or institution of the same religious faith as the child or his parents.
D. A child shall not be committed to a public or private mental institution or institution for the mentally defective unless the court finds, based on psychological or psychiatric evaluation, that the child has a mental disorder, other than mental retardation, which has a substantial adverse effect on his ability to function and requires care and treatment in an institution.
E. A child shall not be committed to a public or private institution for the mentally retarded unless the court finds, based on psychological or psychiatric evaluation, that the child is mentally retarded and such condition has a substantial adverse effect on his ability to function and requires care and treatment in an institution."