385 So.2d 382 (1980)
STATE of Louisiana In the Interest of Michael Jerome BROWN.
No. 13327.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
*383 M. Michele Fournet, Kathleen Stewart Richey, Baton Rouge, for Michael Jerome Brown appellant.
Edselle Cunningham, Asst. Dist. Atty., Baton Rouge, for State of La. appellee.
Before EDWARDS, LEAR and WATKINS, JJ.
LEAR, Judge.
The accused, Michael Jerome Brown (Michael), age 15, pled guilty to violation of L.R.S. 14:64 (armed robbery) of an employee of a convenience store in East Baton Rouge Parish, Louisiana. Michael stood guard at the door while his co-defendant, who was armed with a .22 caliber pistol, robbed the victim of $40.00.
The trial judge appointed an attorney from the Office of the Public Defender to represent the juvenile. Subsequently, when the matter came up for hearing, Michael, in the presence of his parents and his attorney, withdrew his plea of not guilty and pled guilty to the offense. The trial judge examined Michael very thoroughly on the facts, explained his constitutional rights and informed him as to the possible consequences of pleading guilty. Thereafter, the court accepted the plea and ordered a presentence investigation. On October 26, 1979 the court ordered Michael committed to the custody of the Department of Corrections for the maximum period, not to exceed his twenty-first birthday.
Defendant appeals, contending that the trial judge erred in that he did not comply with La.Code of Criminal Procedure article 894.1, which article sets forth sentencing guidelines for defendants in criminal cases.
"Art. 894.1 Sentence guidelines; generally
"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
"(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
"(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
"(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
"B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
"(1) The defendant's criminal conduct neither caused nor threatened serious harm;
"(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
"(3) The defendant acted under strong provocation;
"(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
"(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
"(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
"(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
"(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;

*384 "(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
"(10) The defendant is particularly likely to respond affirmatively to probationary treatment, and
"(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
"C. The Court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence. (Added by Acts 1977, No. 635.)"
The trial judge, at the disposition (sentencing) hearing, permitted all parties to express their views prior to pronouncing sentence and went to great lengths to explain his reasoning in arriving at his decision.
The record reflects that although there existed some conflict as to Michael's prior behavior pattern, the court gave him the benefit of the doubt, stating, however, that due to the seriousness of the offense involving the use of a dangerous weapon and a threat to human life, Michael should be incarcerated.
L.S.A.-C.J.P. art. 86 provides general guidelines for disposition in juvenile cases and states in part:
"Art. 86. Disposition; generally
"A. The court should impose the least restrictive disposition which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society. The court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal."
Defendant contends that the language of L.S.A.-C.J.P. art. 86 offers no concrete guidance for the sentencing judge and that, therefore, L.S.A-C.Cr.P. art. 894.1 should be followed. Defendant cites State in Interest of Causey, 363 So.2d 472 (La. 1978) and State v. Sepulvado, 367 So.2d 762 (La.1979). In Causey, which involved the right of a juvenile to plead not guilty by reason of insanity, the court held that the right not to be tried while mentally incompetent is a fundamental due process right. With this we agree. However, not all rights guaranteed to an adult in a criminal proceeding are applicable to a juvenile. The applicable due process standard in juvenile adjudication is fundamental fairness. McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1970).
Sepulvado involved an adult sentenced for carnal knowledge of a juvenile. The sentence was vacated on the ground that the judge had failed to comply with the guidelines set forth in L.S.A.-C.Cr.P. 894.1. State v. Sepulvado, 359 So.2d 137 (La.1978). Upon remand, the trial judge imposed the same sentence and defendant again appealed, asking for review of the sentence for excessiveness, in accordance with Article 1, Section 20 of the Louisiana Constitution of 1974. The Louisiana Constitution of 1921 prohibited "cruel and unusual punishment", Article 1, Section 12. The Louisiana Constitution of 1974 broadened this provision to "cruel, excessive or unusual punishment". (Italics ours.)
As stated in Sepulvado, "... the trial judge is given a wide discretion in the imposition of sentence within statutory limits, that the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion, .." See also State v. Spencer, 374 So.2d 1195 (La.1979).
The sentencing judge in the instant case expressed concern regarding the circumstances of the case and the inherent dangers of the offense of armed robbery. It was further pointed out that the defendant will not necessarily stay incarcerated until his twenty-first birthday, but only until such time as he demonstrates that he is properly rehabilitated and ready to return to his community.
We, therefore, hold that in the disposition of a juvenile matter, the trial court is not required to follow L.S.A.-C.Cr.P. art. *385 894.1 rather than the general disposition guidelines set forth in L.S.A.-C.J.P. art. 86, and further, that the trial judge did not abuse his discretion in the sentence pronounced in this case.
AFFIRMED.