PONDER, Judge.
Defendants appealed from the adjudication of delinquency and the imposition of a six month suspended sentence with supervised probation. The issues are legality of the arrest of one whom defendants assert they were defending and the sentences.
Two City Police officers, on patrol in a high crime area, observed a man leaning into the trunk of a car that was parked illegally and next to the back of another car with both trunks open.
When the officers asked the man if he was the owner of the car, he responded with profanity and brandished a socket wrench.
A scuffle broke out. There was testimony that the man choked his mother who was attempting to intervene, but the mother denied this. The two defendants, brother and sister of the one being arrested, attacked police officers, who had responded to a “back-up” call.
The trial court found the defendants had committed battery.
Defendants assert that the police did not lawfully arrest their brother, they were therefore justified in aiding him in resisting an illegal arrest.
In the factual context of this case, the police not only were justified in stopping to inquire as to the ownership of the car, they had a duty to do so. They were attempting to protect the very persons they ended up arresting.
The arrest was lawful since the officers were, according to the facts, assaulted by the man when he brandished the socket wrench.[1] Whether or not he later committed a battery on his mother is irrelevant for purposes of the arrest.
The Code of Juvenile Procedure gives the trial court great discretion in the disposition of a juvenile adjudicated delinquent. The court should impose the least restrictive disposition consistent with the circumstances of the case, the needs of the child and the best interest of society. CJP 86.[2] The trial judge in his oral reasons *75 considered these when he sentenced the defendants. We cannot say he abused his discretion.
The judgment of the trial court is affirmed. The costs of the appeal shall be assessed to the appellee.
AFFIRMED.

. LSA-R.S. 14:36:
“Assault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery.”

. LSA-C.J.P. Art. 86(A):
“The court should impose the least restrictive disposition which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interests of society. The court shall not remove a *75 child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal.”