424 So.2d 1233 (1982)
STATE of Louisiana In the Interest of Gerald HICKERSON.
No. 82 CA 0584.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
Kay F. Howell, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee State of La.
Kathleen Stewart Richey, Asst. Public Defender, Baton Rouge, for defendant-appellant Gerald Hickerson.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
This juvenile case is on appeal for the second time. This court originally remanded it to the East Baton Rouge Family Court for a new dispositional hearing, after amending the trial court's adjudication from attempted second degree murder to aggravated battery.
Initially, the trial court committed the juvenile, Gerald Hickerson, to the custody of the Department of Corrections until his twenty-first birthday. He was fifteen years old at the time. At the hearing mandated by our remand, the trial court made the identical commitment. Later, a third dispositional hearing was held and the juvenile was finally committed to the Department of Corrections for four years, with credit for time served and with eighteen months of that sentence to be suspended. The juvenile has appealed that disposition and alleges two assignments of error.

*1234 ASSIGNMENT OF ERROR NO. 1
"The trial court erred in refusing to admit or consider factors of the needs of the child and alternatives to incarceration."
Under Article 86, Code of Juvenile Procedure, the court should impose the least restrictive disposition consistent with the circumstances of the case, the needs of the child, and the best interest of society. Thus, the defense contends that the court should have considered the evidence offered with regard to alternative placement. The Code of Juvenile Procedure, Article 81, deals with evidence which may be admissible at a dispositional hearing. This article gives the trial court great discretion in determining what evidence to consider in making its disposition, and even permits evidence which would not be admissible at the adjudicatory hearing.
The trial judge did not allow all the evidence offered by the defense regarding alternatives to incarceration at the third dispositional hearing, but our review of the record convinces us that he did not abuse his discretion. Considering the violent nature of the crime[1] and the juvenile's behavioral problems[2], he did not abuse his discretion in refusing to consider alternatives to incarceration. Assignment of error number 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
"The disposition imposed is excessive, in violation of La. Const. Article I, Section 20 and C.J.P. Article 86."
The defense argues that the sentence imposed was excessive and violated the Constitutional prohibition against excessive, cruel and unusual punishment and, although within the statutory limits, is reviewable for excessiveness under State v. Sepulvado, 367 So.2d 762 (La.1979). Closely connected with the right of sentence review is the defendant's right to have the reasons and factual basis for the sentence imposed upon him (La.C.Cr.P. 894.1 C), articulated to insure that it has been particularly tailored to fit the defendant and the crime.
In Sepulvado, supra, the Louisiana Supreme Court held that a sentence imposed on an adult, which was within statutory limits, is nevertheless subject to review for excessiveness. Although many of the constitutional rights which are accorded adults have been held to apply to juvenile proceedings, the courts have also emphasized that they are conducted as civil proceedings, and all of the rights of an adult trial are not applicable. State in Interest of Causey, 363 So.2d 472 (La.1978). The right of a juvenile to have his "sentence" reviewed has never been established. The trial court is limited in imposing a harsh sentence under Articles 83 through 86 of the Code of Juvenile Procedure, so automatic sentence review under Sepulvado, supra, would be hard to justify, but in this case we choose to review it because of the circumstances.
The guidelines of Articles 83 through 86 of the Code of Juvenile Procedure must be followed, but the trial court is allowed great flexibility and discretion. The record reflects that the trial judge was very familiar with this case. It was before him for the third dispositional hearing. Although the predisposition report recommended probation, it was not a mandatory recommendation. The report, as well as evidence at *1235 the adjudicatory hearing, revealed that the juvenile had a problem with alcohol and severe behavioral problems before and after the incident for which he was adjudicated a delinquent. It appears that the trial judge was properly concerned with the interest of society, as well as the child. C.J.P. 86; State in Interest of Weston, 388 So.2d 73 (La.App.1st Cir.1980). He was guided by the serious nature of the offense and the circumstances under which it occurred.
From our review of the record, we find that the trial judge did not abuse his discretion in excluding evidence relative to alternative sentences at the third dispositional hearing. Further, the commitment of the juvenile to the Department of Corrections was not an abuse of discretion, in light of the serious nature of the charge, the violence with which it occurred, and the juvenile's behavioral problems.
AFFIRMED.
NOTES
[1] On August 30, 1980, at approximately 8:00 p.m., Gerald Hickerson and two friends started drinking alcoholic beverages, i.e., vodka and wine. The record indicates that around 1:00 a.m. on August 31, after consuming a considerable amount of said beverages, an argument broke out between Hickerson and John Newell. Hickerson ran into his house, got a large butcher knife, went back outside, and stabbed Newell in the left shoulder.
[2] Gerald Hickerson first came to the attention of the juvenile authorities in March of 1979 for ungovernable behavior. On May 30, 1979, he was placed on supervisory probation. On March 12, 1980, he was again referred to Family Court for violating the conditions of his probation, as he had been suspended from school three times during the 1979-80 school year. He was also leaving home without permission. He was found to be in violation of his probation and confined to the Family Court Detention Center for ten days. On April 15, 1980, he was again referred to the court, this time for theft, and was counseled and warned. On January 29, 1981, he was referred again for illegally carrying a weapon.