430 So.2d 289 (1983)
STATE of Louisiana In the Interest of Randy GEORGE (Juvenile).
No. 82-582.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
*290 Thomas G. Wilson and Robert L. Kennedy, Colfax, for defendant-appellant.
Gregory N. Wampler, Asst. Dist. Atty., Colfax, for plaintiff-appellee.
Before STOKER, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
Defendant-Appellant, a juvenile, appeals the disposition imposed in this matter by the trial court. He cites as error the failure of the trial court to comply with the "least restrictive disposition" requirement of La.C. J.P. Article 86.
Randy George, defendant-appellant, was born May 24, 1966, which means that at the time he was charged with the delinquent act of simple burglary, in 1982, he was 16 years old. The District Attorney for Grant Parish filed a petition asking that Randy be adjudicated a delinquent on July 19, 1982. On July 22, 1982, the juvenile appeared in Court to answer the petition, which he denied. At that time he was continued in custody at a juvenile facility. An adjudication hearing was fixed for July 29, 1982, but was subsequently continued until September 2, 1982. At the time of the adjudication hearing, the juvenile changed his former denial of the charges and admitted the offense of simple burglary. The record reflects that this is Defendant's first offense. Legal delays were waived and the trial court, Honorable W.T. McCain presiding, adjudicated Randy George to the custody of the Department of Corrections for a period of time not to exceed his 21st birthday. Randy George is thus exposed to a possible period of commitment for five years. That disposition is now appealed. Appellant argues that the trial court abused its discretion when imposing this most restrictive disposition in the case of a 16-year-old first offender, without any articulation of reasons for the disposition.
Article 89 of the Louisiana Code of Juvenile Procedure governs the duration of disposition. Subparagraph C of that article allows a delinquent disposition to remain in force until the child reaches the age of 21. This provision has been held constitutional. State in the Interest of McConnell, 364 So.2d 1054 (La.App. 2nd Cir.1978), rehearing denied, writ denied 367 So.2d 391 (La. 1979).
Article 86 of the Louisiana Code of Juvenile Procedure requires that the Court impose "the least restrictive disposition which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society."
In order to make a determination that the Court did impose the least restrictive disposition, taking into account all the factors set forth in the applicable article, there must be some record for us to review. The record in this case is devoid of any information which could support the disposition in this case. The record as it existed at the time of disposition consisted of nothing except the delinquency petition. The judgment of disposition was handed down on September 2, 1982. Later that month a social study was prepared by the Louisiana Department of Health and Human Resources and a report was made by the Juvenile Reception and Diagnostic Center. Although these reports are in the record, they bear dates subsequent to the date of disposition and it is apparent they were not considered by the trial court and therefore they cannot be considered by us.
The absence of a record leaves us powerless to evaluate the disposition in terms of the guidelines imposed by La.C.J.P. articles 83 and 86. We must accordingly set aside the disposition and remand with instructions to the trial court to conduct a disposition hearing in accordance with Chapter 15 of the Code of Juvenile Procedure, at which time the reports of the Louisiana Department of Human Resources and the Juvenile Reception and Diagnostic Center shall be considered, and thereafter, the trial court shall render a judgment of disposition in accordance with the provisions of Chapter *291 16 of the Code of Juvenile Procedure in cases in which a child has been adjudicated a delinquent.
We specifically reject the contention of appellant that the sentencing guidelines of Louisiana Code of Criminal Procedure article 894.1 are applicable to juvenile cases. We agree with the First Circuit Court of Appeal of this State which has in two opinions held that the sentencing guidelines in the case of adults convicted of crimes are not applicable to dispositions involving delinquent juveniles. State in the Interest of Brown, 385 So.2d 382 (La.App. 1st Cir.1980); State in the Interest of Winstead, 385 So.2d 311 (La.App. 1st Cir.1980). We find that the Code of Juvenile Procedure provides its own guidelines. We recognize that the guidelines of C.J.P. arts. 83 and 86 contain no requirement corresponding to La.C.Cr.P. art. 894.1 that the trial judge state for the record the consideration taken into account and the factual basis therefor in the disposition stage of the proceeding. However, the fact that the trial judge is not required to give reasons does not mean that the record can be silent. The record must contain some factual basis for appellate review in order to implement the right of appeal from a judgment of disposition granted by La.C.J.P. art. 98.
For these reasons we set aside the disposition rendered herein and remand for further disposition proceedings in accordance with this opinion.
REMANDED.