JASPER E. JONES, Judge.
In this juvenile proceeding the appellant was adjudicated a delinquent for making obscene phone calls in violation of R.S. 14:28s.[1] After a disposition hearing appellant was committed to the Department of Corrections for a period not to exceed two years. On the motion of the Division of Youth Services the commitment was indefinitely deferred and the juvenile was placed on probation subject to nine (9) conditions.[2] The juvenile appeals the modified judgment of disposition.
The juvenile contends that the juvenile judge erred in requiring him to live with an uncle in Texas as a condition of probation. Appellant, relying on the expert recommendations that he be left in his home, and the principle set out in C.J.P. art. 86 A, that a child should not be removed from the custody of his parents unless his welfare or the safety and protection of the public cannot be otherwise adequately safeguarded, contends that the trial judge abused his discretion in imposing this condition of probation.
The appellant was born on February 1, 1968. At the time of the disposition hearing he was a high school freshman. Appellant is above average in intelligence but below average in academic achievement.
The series of events which led to appellant’s present predicament began in the summer of 1981 when he saw the victim, his next door neighbor, nude inside her home. After appellant found some discarded adult magazines in the victim’s trash, he broke into her residence and stole adult books and magazines and several items of the victim’s underclothing.
The next events occurred in the summer of 1982 when appellant attempted to intimidate the victim on several occasions when he encountered her at a neighborhood pool. In August, 1982, appellant began making phone calls to the victim. On some occasions he made obscene and threatening remarks while on other occasions he said nothing at all.
Prior to the disposition hearing reports and recommendations were submitted by a psychiatrist, a psychologist and the Division of Youth Services. All recommended that the appellant receive continued counseling. Both the psychiatrist and the DYS recommended that appellant be left in his home during the period of therapy and both recognized placing appellant with his uncle as the best alternative if he were not left at home. The psychologist’s report makes no specific recommendation as to placement.
“... The court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal.” C.J.P. art. 86 A (emphasis added). Where a child has been adjudicated a delinquent the court may defer or suspend execution of the judgment of disposition and place the child on probation under such terms and conditions as deemed in the best interest of the child and public. C.J.P. art. 83 B; see also C.J.P. art. 83 A(2).
*545 The juvenile court judge has great discretion in fashioning the judgment of disposition of a juvenile who has been adjudicated a delinquent. State in Interest of Hickerson, 424 So.2d 1233 (La.App. 1st Cir.1982); State in Interest of Weston, 388 So.2d 73 (La.App. 1st Cir.1980); State in Interest of Winstead, 385 So.2d 311 (La.App. 1st Cir.1980).
The record shows that for a period of approximately one year appellant engaged in various acts directed at the victim. He broke into the victim’s home on at least one occasion and made numerous threatening and obscene telephone calls.
This case does not involve a teenage prankster who unwittingly crossed into illegality. Instead, this case involves a teenager who has engaged in an extended and studied campaign of harassment against a neighbor and her family. Though the experts attribute appellant’s behavior to adolescent adjustment disorders and family problems, the juvenile court judge could, and did, reasonably find, based on appellant’s past actions, that the safety and protection of the public could not be adequately safeguarded without removing appellant from his home.
We note that appellant’s uncle with whom he will reside is a medical doctor and apparently willing and capable of providing appellant with a good and beneficial home environment. Considering all the circumstances of the case we cannot say that the juvenile judge abused his discretion in requiring appellant to live with his uncle as a condition of probation.
The judgment is AFFIRMED.

. In order to protect the privacy of those involved and so that the juvenile may some day effectively avail himself of C.J.P. art. 124 et seq. we do not use the names of the persons involved in this matter.

. The conditions are that the juvenile:
1) obey all local, state and federal laws or ordinances;
2) follow his probation officer’s advice and suggestions;
3) report to his probation officer promptly when notified to do so;
4) work or attend school regularly;
5) notify his probation officer of any change of address;
6) reside with an uncle in Texas;
7) seek regular psychological or psychiatric counseling;
8) execute whatever releases are required so that information concerning his counseling can be reported to the probation authorities; and
9) have no contact with the victim or her family.