461 So.2d 1127 (1984)
STATE of Louisiana In the Interest of Clifford BELLOW.
Nos. 84-CA-265 to 84-CA-268.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1984.
*1128 Madeline Jasmine, Asst. Dist. Atty., Edgard, for appellee.
Barry J. Landry, Becnel, Landry & Becnel, La Place, for appellant.
Before BOUTALL, KLIEBERT and CURRAULT, JJ.
KLIEBERT, Judge.
On October 24, 1983, Clifford Bellow, a fifteen year old minor, was petitioned as a delinquent minor pursuant to LSA-R.S. 13:1570 on the following charges allegedly committed in the Parish of St. John the Baptist:
(1) On or about August 27, 1983, in violation of LSA-R.S. 14:62, he committed simple burglary of a 1980 Dodge Van belonging to Tim Remondet, Docket No. 84-CA-265 (J2170);
(2) On or about August 31, 1983, in violation of LSA-R.S. 14:67, he committed theft of an air compressor and battery jumper cable belonging to Grant Shields, Docket No. 84-CA-266 (J2180);
(3) On or about August 31, 1983, in violation of LSA-R.S. 14:67, he committed theft of a Coleman deluxe air compressor belonging to Kevin Guidry, Docket No. 84-CA-267 (J2182);
(4) On or about October 24, 1983, in violation of LSA-R.S. 14:63, he intentionally trespassed upon the East St. John High School campus without the permission of the authorities, Docket No. 84-CA-268 (J2185).
On October 24, 1983, the juvenile denied the charges. An adjudication hearing was scheduled and ultimately held on February 23, 1984.
At the conclusion of the hearing the trial judge found the juvenile guilty on all four counts and accordingly declared he was in need of care, control and supervision and therefore would be turned over to the St. John Parish Sheriff's Office for transfer to the Department of Corrections for incarceration in the juvenile center in Baker, Louisiana for a period of no less than eighteen (18) months. The declaration was not reduced to a written judgment.[1]
Thereafter, on the date indicated, he signed the following commitment which was filed in the record on March 15, 1984:
COMMITMENT
WHEREAS, Clifford R. Bellow, a juvenile, born October 15, 1967, is adjudged by the Juvenile Court for the Parish of St. John the Baptist, in a proceeding entitled: State of Louisiana, in the Interest of the Minor Clifford Bellow, Number J-2170, 2180-85, on the Docket of said Court, to be a proper person to be committed to Louisiana Training Institute and is hereby committed on the ____ day of __________, nineteen hundred and eighty-four, to the custody of the said Louisiana Training Institute, for a period not to exceed eighteen (18) months as a ward of the Juvenile Court for the Parish of St. John the Baptist, Louisiana, subject to the control of the superintendent, Director or Board of Managers of said Institution as provided by law.

*1129 THUS DONE, SIGNED AND SEALED at Edgard, St. John the Baptist Parish, Louisiana, this 29th day of February, in the year of our Lord, one thousand nine hundred and eighty-four.
 /s/ Thomas J. Malik
 THOMAS J. MALIK, JUDGE
 Parish of St. John the Baptist
 Juvenile Court
A motion for appeal was filed on March 23, 1984 and was granted by order dated March 26, 1984.
On appeal, the juvenile's counsel urges the following assignment of error:
"The trial court committed error in failing to specify into the record the factual basis and other considerations taken into account by the Judge in imposing the sentence. Also, the sentence imposed was excessive in these circumstances considering the juvenile's age, 15 years old, and the lack of any proof by the State of any prior criminal record."
As pointed out by his counsel, even though Clifford Bellow is a juvenile he has the same constitutional rights against excessive and/or cruel punishment as an adult. Further, in order to protect those rights, the Code of Juvenile Procedure prescribes particular procedures which must be adhered to in first adjudicating a minor as a delinquent and then assessing the restrictions to be imposed on the juvenile.
Upon completion of the adjudication hearing here, the juvenile court, in accordance with Code of Juvenile Procedure Article 76, immediately declared the evidence warranted the requested adjudication. However, subsequently, without the benefit of a predispositional report (discretionary under CJP Article 78) or a disposition hearing, the court made a disposition in the case.
A disposition hearing is mandatorily required by Code of Juvenile Procedure Article 80 which provides:
"Prior to entering a judgment of disposition, the court shall conduct a disposition hearing.

The disposition hearing may be conducted immediately after the adjudication and shall be conducted within thirty (30) days after the adjudication. Such period may be extended for good cause." (Emphasis supplied).
The purpose of the disposition hearing is to give the juvenile and/or the state an opportunity to present any predisposition reports, any reports of mental evaluation, and all other evidence (including that which would not have been admissible at the adjudication hearing) which relates to the proper disposition to be made of the juvenile. C.J.P. Articles 81 and 82.
Following the disposition hearing, the court is required to impose the least restrictive disposition consistent with (1) the circumstances of the case, (2) the needs of the child, and (3) the best interest of society. C.J.P. Article 86. Upon reaching its decision as to the proper disposition, under the provisions of C.J.P. Article 87, the court is required to "enter into the record a written judgment of disposition" containing the specifics enumerated in Part A of the article and in the case of a delinquency proceeding (as is the case here) the judgment of disposition ".... shall specify the offense[s] for which the child has been adjudicated a delinquent." (Emphasis supplied).
Counsel for the juvenile urges the applicability of Code of Criminal Procedure Article 894.1 and the jurisprudence formed thereunder to juvenile matters. However, as may be noted from the following cases in the First and Third Circuits, this view has been rejected.
In State in Interest of Winstead, 385 So.2d 311, (1st Cir.1980) and in State in Interest of Brown, 385 So.2d 382 (1st Cir. 1980) our brethren in the First Circuit held that in the disposition of a juvenile matter, the trial court is not required to follow Code of Criminal Procedure Article 894.1 rather than the general disposition guide lines set forth in Code of Juvenile Procedure Article 86. Likewise, the Third Circuit in State in Interest of George, 430 So.2d 289 (3rd Cir.1983) specifically rejected *1130 the contention of the appellant that the sentencing guidelines of Louisiana Code of Civil Procedure Article 894.1 are applicable to juvenile cases, and hence agreed with the previous rulings of the First Circuit. But the Third Circuit also recognized the critical need of an appellate court for an articulation of the factors considered by the trial court in arriving at a particular disposition.
In order for us to determine whether the lower court applied the "least restrictive" mandate of C.J.P. Article 86, there must be some record for us to review. Although the trial judge is not required to give reasons, it does not mean the record can be silent. The record must contain some factual basis for appellate review if the right of appeal granted by C.J.P. Article 98 is to be effectively implemented. Here, in the absence of predisposition reports and the required disposition hearing, we are powerless to evaluate the disposition in the light of the guidelines imposed by C.J.P. Articles 83 and 86.
It is clear from the record here that the trial judge imposed the most restrictive disposition available, i.e., incarceration, and did so without a dispositional hearing or a dispositional report. Accordingly, it is difficult to ascertain from the record whether the disposition is appropriate and based upon a consideration of the needs of the child as well as the protection of society. While the trial transcript reflects the juvenile's criminal propensities, we note that incidents for which he was adjudicated occurred over a relatively short time span. The record gives no indication whether the juvenile's behavior problem is one of long duration which has been unaffected by previous attempts at less restrictive dispositions or whether, until the occurrence of the charged offenses, he had no previous problems. Although the trial court's failure to articulate the reasons for imposing a particular disposition under the guidelines of C.J.P. Articles 83 and 86 is not error, his disposition must be evaluated in the light of the statutory guidelines provided for by these articles.
The effective implementation of the right of appeal granted by C.J.P. Article 98 necessitates a review of the factual basis and reasons for the disposition. Accordingly, we set aside the disposition and remand the case to the trial judge with instructions to conduct a predisposition hearing as required by C.J.P. Article 80 and to permit the introduction of any predisposition investigation reports or any reports of mental evaluations and all other evidence (even though not admissible at the adjudication hearing) submitted by the state or the juvenile relating to the proper disposition in the case and thereafter to enter into the record a written judgment of disposition in the form required by C.J.P. Article 87.
SET ASIDE IN PART AND REMANDED.
NOTES
[1] At the conclusion of the testimony the court ruled on the burglary charge: "With respect to J2170, alleged violation of R.S. 14:67, it is the finding of the Court that the defendant is guilty." Section 67 is theft. The petition was for violation of Section 62, simple burglary of a van. The record seems to support a conclusion that 67 is a typographic error rather than a finding of guilty of theft. Because no issue is raised here and because we remand for the proper disposition we do not address the effect of this on the disposition.