GUIDRY, Judge.
On March 19, 1987, the juvenile, Charles Anthony Howard, admitted that he had committed the crime of simple burglary, a violation of La.R.S. 14:62. On April 28, 1987, Howard admitted that he had committed the crimes of simple battery, simple burglary and carrying a concealed weapon, violations of La.R.S. 14:35, 14:62 and 14:95, respectively.
On April 28, 1987, the court adjudicated Howard a delinquent and committed him to the Department of Corrections for a period not to exceed his twenty-first birthday. Howard appeals urging that the sentence imposed is too severe.
FACTS
Charles Howard was charged with committing an aggravated burglary of the home of Donnie Cox, and committing an aggravated battery on Cox’s young daughter, on November 19, 1986. Howard was also charged with criminal mischief and illegally carrying a concealed weapon, these charges stemming from an incident which occurred on January 6, 1987. Finally, Howard was charged with burglarizing the trailer of Diane Knight on January 24, 1987.
*23 Howard admitted that he had committed two counts of simple burglary, one count of simple battery and one count of illegally carrying a concealed weapon. All other charges were dismissed. He was adjudicated a delinquent juvenile and a judgment of disposition was entered as aforestated.
SENTENCE REVIEW
By this assignment of error, Howard contends that the trial court erred in sentencing him to commitment to the Department of Corrections for a time period not to exceed his twenty-first birthday. In support of this contention, Howard points to the fact that he had no prior convictions and urges that he became involved in these illegal activities when others took advantage of his limited mental ability.
The Louisiana Code of Juvenile Procedure Art. 86(A) states that the judge should impose, on a juvenile, the least restrictive disposition which is consistent with the circumstances of the case, the needs of the child, and the best interest of society. In passing sentence, the trial court is granted wide discretion. State in the Interest of Winstead, 385 So.2d 311 (La.App. 1st Cir.1980). The sentencing guidelines in La.C.Cr.P. art. 894.1 are not applicable to juvenile cases. State in the Interest of George, 430 So.2d 289 (La.App. 3rd Cir.1983); State in the Interest of Winstead, supra; State in the Interest of Garner, 484 So.2d 149 (La.App. 3rd Cir.1986). However, the record must set forth a basis for the disposition.
In the case sub judice, the record reflects that the trial court considered the recommendation of a psychological evaluator that Howard participate in a job training program. The judge considered that the juvenile was already enrolled in an adult education program; his attendance there was irregular; and, he was not making much progress because of his irregular attendance. The trial judge concluded that the best way to ensure that Howard would receive the job training he needs would be in a controlled institutional environment.
The trial court considered the seriousness of Howard’s criminal activity. The trial judge reasonably concluded that these serious charges could not be blamed on undue influence of other persons. The trial court considered that, although Howard had no history of criminal activity before November 19, 1986, because of the seriousness of his crimes, and his need for job training, which would be ensured in a custodial environment, a commitment to the Department of Corrections for a period of time not to exceed his twenty-first birthday was appropriate.[1]
The record provides ample support for the trial court’s disposition.
For these reasons, we affirm.
AFFIRMED.

. A juvenile may be sentenced to an indeterminate sentence not to exceed age twenty-one. CJP Art. 89(C). This sentence has been held constitutional. State in the Interest of McConnell, 364 So.2d 1054 (La.App. 2d Cir.1978), writ denied, 367 So.2d 391 (La.1979); State in the Interest of George, 430 So.2d 289 (La.App. 3rd Cir.1983).