612 So.2d 1036 (1993)
STATE of Louisiana In the Interest of KH.
No. 24,666-JA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1993.
*1037 John William Focke, II, Sadye Bernheim, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Jerry L. Jones, Dist. Atty., James E. Lewis, Asst. Dist. Atty., Monroe, for appellee.
Before HIGHTOWER, BROWN and STEWART, JJ.
STEWART, Judge.
Defendant-appellant, KH, was charged by petition and affidavit with simple burglary of an inhabited dwelling, in violation of LSA-R.S. 14:62.2. KH, age sixteen, pursuant to a plea agreement, entered an admission to the charge of simple burglary of an inhabited dwelling, and accordingly was found to be delinquent. Subsequently, KH was sentenced to the custody of the Louisiana Department of Corrections for a period of time not to exceed his twenty-first birthday.
On appeal, defendant challenges as excessive the sentence imposed and urges that the trial court failed to satisfy the requirements of the sentencing guidelines provided by LSA-Ch. C. Art. 901 or 903. We affirm.

FACTS
On March 8, 1992, police officers from the Monroe Police Department were dispatched to 1407 Dilling Street in Monroe, after receiving a report of a suspicious man in the backyard of the residence. Upon arriving at the house, the police officers found a raised, broken window and noticed KH looking out through the blinds of another window. When KH saw the police officers, he jumped out the window and ran down the street. He was apprehended by the officers a block away from the residence. KH was carrying a .38 automatic pistol, a large rock, and $325. KH was arrested and charged with simple burglary of an inhabited dwelling.
On June 23, 1992, KH admitted to the charge and accordingly was found to be delinquent. The trial court sentenced KH to the custody of the Department of Corrections for a period of time not to exceed his twenty-first birthday. This appeal ensued.

DISCUSSION
KH urges on appeal that the trial court erred in imposing an unconstitutionally and statutorily excessive disposition. KH argues in essence that the trial court's complete failure to comply with the dispositional guidelines of LSA-Ch. C. Art. 901 renders his disposition excessive per se. He concedes that the trial court has wide discretion in imposing a disposition but reiterates that, absent a transcript which details *1038 the sentencing considerations upon which the disposition is based, this court should direct the trial court to impose the "least restrictive disposition" available which would be probation. We disagree.
Article 901[1] provides the general sentencing guidelines for juvenile cases and now reads as follows:
Art. 901. Disposition guidelines; generally
A. In considering dispositional options, the court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal.
B. The court should impose the least restrictive disposition authorized by Articles 897 through 900 of this Title which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society.
C. Commitment of the child to the custody of the Department of Public Safety and Corrections may be appropriate if any of the following exists:
(1) There is an undue risk that during the period of a suspended commitment or probation the child will commit another crime.
(2) The child is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment.
(3) A lesser disposition will deprecate the seriousness of the child's delinquent act.
D. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of the disposition or probation:
(1) The child's delinquent conduct neither caused nor threatened serious harm.
(2) The child did not contemplate that his delinquent conduct would cause or threaten serious harm.
(3) The child acted under strong provocation.
(4) There were substantial grounds tending to excuse or justify the child's delinquent conduct, though failing to establish a defense.
(5) The victim of the child's delinquent conduct induced or facilitated its commission.
(6) The child or his family has compensated or will compensate the victim of his delinquent conduct for the damage or injury that the victim sustained.
(7) The child has no history of prior delinquency or has led a law-abiding life for a substantial period of time before the commission of the instant delinquent act.
(8) The child's delinquent conduct was the result of circumstances unlikely to recur.
(9) The character and attitudes of the child indicate that he is unlikely to commit another delinquent act or crime.
(10) The child is particularly likely to respond affirmatively to probationary treatment.
(11) The commitment of the child would entail excessive hardship to himself or his family.
Art. 903A, also derived from LSA-C.Cr.P. Art. 894.1, requires the sentencing judge to state for the record the considerations taken into account and the factual basis therefor in imposing the particular disposition chosen.
The source of paragraphs A and B of Art. 901 is former C.J.P. Art. 86A, however because paragraphs C and D derive directly from LSA-C.Cr.P. Art. 894.1, we deem it appropriate to review the instant disposition following the test used in adult cases construing LSA-C.Cr.P. Art. 894.1.
*1039 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1.
The second prong of the test requires the reviewing court to determine whether the sentence imposed is too severe in light of the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir. 1988).
In the instant case, we disagree with KH that it is impossible for this court to determine whether or not the disposition imposed was excessive. The trial court's brevity in pronouncing his disposition presents less than full compliance with the requirements of Arts. 901 and 903. But for a fully developed record, we would be constrained to remand this case for a new judgment of disposition. Even where a pre-dispositional investigation report is available to the trial court, a far better practice to pursue is for the trial court to clearly outline and detail on the record the specific considerations that it has taken into account in imposing the particular disposition chosen. In view of the legislative preference for children to be placed in the least restrictive environment, the trial court's commitment of a child to the custody of the Department of Public Safety and Corrections should occur only after an explicit recitation of its dispositional considerations are articulated in the record.
We disagree with KH's contention that the failure by the trial court to fully comply with the requirements of Art. 901 and 903 mandates a finding that the disposition is excessive per se. The entire record clearly shows an adequate factual basis for the disposition imposed, therefore, remand is unnecessary even where there has not been full compliance with Arts. 901 and 903.
The record discloses that the trial judge was presented with a supplemental pre-dispositional investigation report prepared by a juvenile services officer on June 15, 1992. The pre-dispositional report detailed the history of KH's contacts with the criminal justice system, dating back to 1988. The report also refers to earlier pre-dispositional investigation reports which are found in the record and dated February 17, 1988, May 4, 1988, July 13, 1988, and August 23, 1990. Those reports graphically demonstrate that KH had a tragic history of delinquent behavior which began at age 13. The record also reveals that KH presented more than just the pattern of a recalcitrant youth. Many of the reports in the record show that KH had been placed in group homes or detention facilities because of complaints by his mother who could not control his behavior. KH frequently manifested episodes of disruptive behavior in schools, in the Christian Acres correction home, and in all the other settings where he was placed. The reports described the prior failures of KH to benefit from probational type settings. Given the gravity of the instant offenses and KH's failure to respond to less restrictive approaches in the past, we find that the record provides a sufficient factual basis for us to determine whether the instant disposition is excessive.
During the disposition hearing, the trial judge highlighted KH's prior criminal dispositions. *1040 The trial judge stated that an aggravating factor against KH was that this was not his first involvement with the judicial system. The trial judge noted that KH began appearing before the court in January 1888 when he was only 13 years of age. Shortly thereafter, KH was back before the court for violation of his probation. In July 1988, he was again before the court on charges of theft and resisting arrest. In August 1990, the trial judge noted KH's appearance before the court for a charge of burglary for which he was committed to Louisiana Training Institute (LTI). In August, 1991, KH was released from the maximum security dormitory at LTI and subsequently was arrested and charged with the instant offense.
Upon review of the record, we find that the trial court's compliance with Arts. 901 and 903 was minimal, however, remand is unnecessary because of the completeness of the record before the trial court and the reasons outlined in the dispositional transcript. Based on the totality of the record, we find that the five-year term of imprisonment was not excessive. The less restrictive dispositions imposed by the court from 1988 through the present had no meaningful impact on KH's behavior. In accordance with Art. 901B, KH's commitment to the custody of the Department of Corrections represents the least restrictive disposition consistent with the circumstances of the case, his needs, and the best interest of society, given the serious nature of the instant conduct, his disturbing history, and the lack of positive response to past lenient treatment.

CONCLUSION
For the foregoing reasons, the juvenile delinquency adjudication and disposition are affirmed.
AFFIRMED.
NOTES
[1] Children's Code Article 901 was added by Acts 1991, No. 235, § 8, and became effective January 1, 1992. This article statutorily repealed prior jurisprudence which generally held that the sentencing criteria of LSA-C.Cr.P. Art. 894.1 were inapplicable to juvenile proceedings. See State in the Interest of Winstead, 385 So.2d 311 (La.App. 1st Cir.1980); State v. R.B., Jr., 595 So.2d 702 (La.App. 5th Cir.1992).