1DAVID S. GORBATY, Judge.
Appellants, Odeco, Inc., and Odeco (U.K.), Inc. (hereinafter Odeco), appeal a judgment of the trial court wherein a previously issued injunction was vacated. For the following reasons, we reverse, and reinstate the injunction.
*1089 FACTS AND PROCEDURAL HISTORY:
David A. Pape, a citizen and resident of the United Kingdom, was injured in an offshore accident in the North Sea while working for Odeco. Mr. Pape filed a maritime personal injury claim in Civil District Court. While his lawsuit was pending, Mr. Pape received benefits from the Department of Social Security in the United Kingdom. Under British law, the Department of Social Security is entitled to reimbursement for any portion of those benefits that overlap with a settlement received by an employee, in an amount to be fixed by the Department’s Compensation Recovery Unit (hereinafter CRU).
Prior to trial, Mr. Pape settled his personal injury claim with Odeco for $357,500. It was established between the parties that the settlement amount included monies that would be owed to the CRU, although at the time of settlement that amount had not been determined. Odeco agreed to tender the funds to Mr. Pape’s United States attorneys, with the understanding that the entire settlement 12amount would be held in escrow until Mr. Pape executed the settlement agreement and the amount owed the CRU was established.
After Odeco tendered the $357,000 to Mr. Pape’s United States attorneys and Mr. Pape signed the settlement agreement, it was determined that the amount paid to Mr. Pape in benefits totaled $51,954.17 in United States currency. Mr. Pape’s counsel thereafter released to him the difference between the $357,500 and the $51,954.17. Mr. Pape, however, demanded that the entire amount be released to him in violation of the settlement agreement.
Odeco sought and obtained a preliminary injunction from the district court, Judge Robert Katz presiding, prohibiting Mr. Pape’s attorneys from releasing the settlement funds to Mr. Pape until the amount owed the CRU was established and paid. Judge Katz also ordered that the funds be held in trust by Mr. Pape’s counsel in the United Kingdom. British counsel was expected to negotiate a discounted reimbursement; however, that obligation was not fulfilled, and Mr. Pape discharged his British counsel.
Mr. Pape thereafter filed a motion to amend the judgment in which the injunction was issued. After taking the matter under advisement, Judge Roland Belsome vacated the judgment on the court’s own motion. The trial court then ordered that the amounts being held in trust be disbursed to Mr. Pape.
It is from the judgment vacating the injunction that Odeco appeals.
DISCUSSION:
Odeco argues that the district court erroneously found that it discounted the settlement amount in contemplation of the amount Mr. Pape would owe in reimbursement to the CRU. Therefore, if Mr. Pape were ordered to pay the amount due the CRU once determined, it would constitute a double payment by | ¡¡him. Odeco also argues that the district court erred in relying on an affidavit executed by Odeco’s counsel, which was prepared to assist Mr. Pape’s British counsel in his negotiations with the CRU. Odeco explains that the affidavit was intended to reflect that Mr. Pape would have received the full $357,500 in settlement proceeds if he had not also received the Social Security benefits. The affidavit was not an expression of the parties’ intentions with regard to the settlement claims. Additionally, Odeco argues that there is no evidence to support the argument that the reimbursement to the CRU was deducted from the settlement amount and retained by Odeco. To the contrary, the evidence supports the finding that an amount was to be withheld from the total settlement for the purpose of *1090 reimbursing the CRU. Further, Odeco contends that once Mr. Pape’s British counsel refused to honor the injunction issued by Judge Katz, the other terms of the order should have been fulfilled requiring that the funds be paid directly to the CRU.
Odeco also argues that the district court erred in failing to consider or apply the law of contract to the settlement agreement executed between the parties. Ode-co argues that the language of the particular provision in question was “clear and explicit and lead to no absurd consequences .... ” La. Civ.Code arts.2045-2046. The provision in the settlement agreement clearly stated that of the money being tendered to Mr. Pape in settlement, a portion was to be withheld to satisfy the claim of the CRU.
Odeco further contends that the district court erred by failing to consider and apply the terms of the injunction. The injunction specified that $51,954.17 would be escrowed and forwarded to Mr. Pape’s solicitor in the United Kingdom to be held in trust pending the outcome of the negotiations with the CRU. Odeco argues |4that it was also the district court’s understanding that the parties never intended for Mr. Pape to receive the full $357,500, without satisfying the claim of the CRU.
Mr. Pape counters that Odeco discounted his settlement in anticipation of paying reimbursement to the CRU. He argues that the affidavit executed by Odeco’s counsel attests that the settlement took into consideration the amount received by Mr. Pape in medical and disability benefits. Based on that fact, Mr. Pape contends that under the Social Security Act of the United Kingdom, he was entitled to a reduction of compensation payments owed equal to the amount of the credit taken by Odeco. The affidavit by Odeco’s counsel was designed to assist him in challenging the amount owed the CRU. Mr. Pape also argues that the law of this circuit mandates the application of the law of the United Kingdom, which establishes that Odeco was afforded a credit in settling the claim. Therefore, the district court properly found that Odeco discounted Mr. Pape’s settlement amount in contemplation of the reimbursement amount due the CRU.
Additionally, Mr. Pape argues that the district court properly vacated the earlier judgment based on its finding that compliance with the judgment was no longer possible. The previous judgment required Mr. Pape’s counsel in the United States to transfer $51,954.17 to Mr. Pape’s British counsel to be held in trust. When British counsel refused to abide by the judgment, Mr. Pape fired him, thus making the transfer impossible. While Odeco argues that upon British counsel’s refusal to abide by the judgment, the funds should have been transferred directly to the CRU, Mr. Pape argues that the district court was precluded from making such a determination because it lacks jurisdiction to adjudicate the rights of a foreign governmental agency. Furthermore, Mr. Pape argues that such a judgment was prohibited because, pursuant to La.Code Civ. Proc. art. 1841, “[a] judgment is the | ¡^determination of the rights of the parties,” and the CRU is not a party to this litigation.
We agree with Odeco’s argument that the trial court erred in not considering the Receipt, Release and Hold Harmless Agreement executed by the parties. This agreement is a binding contract between the parties, and it was error for the trial court to disregard said contract in deciding to vacate the injunction.
The Receipt, Release and Hold Harmless Agreement specifically states:
It is expressly acknowledged and agreed that, of the amount that has been tendered [$857,500] to and accepted by David Anthony Pape in settlement of his *1091 claims, a portion is being -withheld by Odeco (U.K.), Inc. in order to make reimbursement of the sums paid to Mr. Pape as indicated on the “Certificate of Recoverable Benefits” that is attached to this Agreement, and that this reimbursement is being taken from the settlement proceeds with Mr. Pape’s full knowledge and consent.
The above language, relied on by Judge Katz in issuing the injunction, is the binding contract between the parties. The language is clear and concise. Mr. Pape cannot argue now that he did not understand that the reimbursement he would owe to the CRU was being withheld from the $357,500 settlement amount. He was represented by counsel at all times, both in the United States and the United Kingdom. The fact that defense counsel later executed an affidavit to assist Mr. Pape in negotiating a reduction in the amounts owed to the CRU is of no moment. Mr. Pape is bound by the terms of the Receipt and Release that he executed.
Originally, the total amount due Mr. Pape in settlement, $357,500, was held in a trust account maintained by his United States attorneys. Once the amount owed in reimbursement to the CRU was determined, the balance was released to Mr. Pape. Thus, the only amounts being held in trust are the amounts owed the |fiCRU. Should those funds be released to the CRU, it would not constitute a double payment by Mr. Pape.
We find no error in the issuance of the injunction by Judge Katz. Mr. Pape’s argument that the district court “lacks the jurisdiction to adjudicate the rights of a foreign governmental agency,” is not well reasoned. The injunction did not adjudicate the rights of the parties. Rather, it prohibited the parties from releasing the funds being held in trust until the rights of the parties were established. The parties to the injunction were Odeco, which would be obligated to reimburse the CRU once the amount of reimbursement was determined, and Mr. Pape, who was entitled to negotiate the amount owed in reimbursement. The injunction did not determine the rights of the CRU, a non-party.
Accordingly, the judgment of June 6, 2001, vacating the injunction issued on May 13, 1999, is reversed, and the injunction is reinstated.
REVERSED.
JONES, J., Dissents With Reasons.