661 So.2d 519 (1995)
STATE of Louisiana, Plaintiff-Appellee, in the Interest of J.D.J., Defendant-Appellant.
No. 27673-JA.
Court of Appeal of Louisiana, Second Circuit.
September 27, 1995.
*520 Elizabeth C. Brown, West Monroe, for appellant.
Richard P. Ieyoub, Attorney General, Jerry L. Jones, District Attorney, Susan H. Liles, Assistant District Attorney, for appellee.
Before MARVIN, SEXTON and BROWN, JJ.
MARVIN, Chief Judge.
Having been adjudicated a juvenile delinquent after pleading guilty under a plea bargain to committing an aggravated burglary and to violating the conditions of his earlier probation, this 15-year-old, JDJ, appeals, as excessive, the court's disposition that placed him in the custody of the Department of Corrections until his 21st birthday.
JDJ and two others stole a Dodge van in late 1994 that they later intentionally crashed through the front of a West Monroe pawn shop from which they stole six or more handguns. Other charges against JDJ arising out of the matter, unauthorized use of a movable and simple criminal damage to property, were dismissed as a part of the plea bargain.
We affirm.

DISCUSSION
The juvenile court's disposition clearly complies with the guidelines of LChC Art. 901. The court's reasons for the disposition were articulated and considered the circumstances of the case, the needs of the child, and the best interest of society. We also find the court stated on the record an adequate factual basis for the disposition. Absent a showing of manifest abuse of discretion, we do not set aside a juvenile disposition or sentence as constitutionally excessive. State in interest of KH, 612 So.2d 1036 (La.App.2d Cir.1993).
The court summarized the details provided in a predisposition investigation report, noting, of course, JDJ's history and circumstances, a voluminous history of delinquency, his unsatisfactory performance while either incarcerated or on probation.
JDJ first was placed on supervised probation in 1991 for the offense of battery with a dangerous weapon. While on probation, he was arrested for misdemeanor theft, criminal trespass, and attempted aggravated battery. During the two-year period during which he was confined in custody thereafter, he frequently violated rules and gambled, displayed a poor attitude and aggressive behavior, and was disrespectful to custodial personnel. In September 1994 JDJ was convicted of simple burglary, because he stole handguns from another pawn shop in Monroe, and of attempted felony theft for which he was placed on supervised probation for two years. Two months later, in November of 1994, JDJ committed the crimes, the sentences for which he complains of here.
The disposition does not shock our sense of justice. It is not grossly out of proportion to the seriousness of JDJ's conduct causing costly damage to the West Monroe pawn shop and is not needless or purposeless.

DECREE
The adjudication and disposition are
AFFIRMED.