674 So.2d 1122 (1996)
STATE of Louisiana in the Interest of T.L.
No. 28564-JA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1996.
*1123 Raymond L. Cannon, Tallulah, for Appellant, T.L.
Richard Ieyoub, Attorney General, James D. Caldwell, District Attorney, Vicki Baker, Assistant District Attorney, for Appellee, State Of Louisiana.
Before MARVIN, HIGHTOWER and STEWART, JJ.
HIGHTOWER, Judge.
Adjudicated delinquent based upon his simple escape from a detention center, an act contravening La. R.S. 14:110, this second-time juvenile offender appeals the severity of his consecutive three-year commitment to the custody of the Department of Corrections. We affirm.

BACKGROUND
In early 1992, after adjudging then thirteen-year-old T.L. delinquent due to obstruction of justice and curfew violations, the juvenile court placed him in the custody of the Department of Corrections for a period not to exceed his eighteenth birthday. That proceeding stemmed from his removing a gun from the scene where his brother had been shot by a third-party, thus, thwarting the ability of authorities to locate the weapon and investigate the incident. Previously, the youth had been counseled, warned, and released on at least two other occasions regarding theft, criminal trespassing, and other curfew infractions.
Still confined after three years, T.L. left the Tallulah Correctional Center without permission on July 6, 1995, accompanied by several other individuals. To accomplish the getaway, they exited their barracks and climbed over two security fences after "lights out," using clothing and bedding to protect *1124 themselves from the razor wire atop the fences. The next morning, a search party found T.L. and his fellow escapees walking along the railroad tracks toward Vicksburg, Mississippi.
As a result of his committing a simple escape by participating in this unauthorized departure from the juvenile correctional facility, the state petitioned to have T.L. again declared a delinquent child as provided by La. Ch.C. Art. 801, et seq. The adjudicating judge, upon proof of that violation, decreed the sixteen-year-old to be delinquent and ordered his continued custody with the Department for a term not to exceed three years consecutive to his earlier confinement. The youth now appeals, maintaining that the disposition is excessive.

DISCUSSION
Under the general guidelines provided for juvenile cases in La. Ch.C. Art. 901, the adjudicating judge should impose the least restrictive disposition consistent with the circumstances of the case, the needs of the child, and the best interest of society. See State in the Interest of TLV, 26,461 (La.App. 2d Cir. 09/21/94), 643 So.2d 290. Thus, in any review for excessiveness, the appellate court must first ascertain whether the lower tribunal took cognizance of these criteria and whether the record reflects an adequate factual basis for the commitment imposed. Id. Following that determination, the reviewing court need only explore for constitutional excessiveness in light of the circumstances of the case and the background of the juvenile. Cf. State in the Interest of KH, 612 So.2d 1036 (La.App. 2d Cir.1993). Of course, absent a showing of manifest abuse of the wide discretion afforded in such cases, a disposition will not be set aside as constitutionally excessive. State in the Interest of J.D.J., 27, 673 (La.App. 2d Cir. 09/27/95), 661 So.2d 519.
In the present matter, the juvenile judge fully articulated the factual basis for the disposition, as well as considered the applicable criteria in light of the instant offense and T.L.'s history. Also, the court specifically noted the absence of any evidence supporting the mother's equivocal explanation for the youth's decision to leave, viz., to visit his family and to get away from harassment and physical abuse at the correctional facility. In point of fact, rather than attempting to go home or contact his mother, the juvenile immediately headed toward Mississippi after departing through a door mistakenly left open by a sergeant. Yet, as disclosed by the record, the boy's mother blames the officials for most of her son's problems, as well as those of his siblings, and has been less than cooperative in improving the situation. Indeed, that attitude most likely contributes to T.L.'s complete lack of respect for authority figures, a factor evident in his escape attempt.
With that background, the judge's decision to require additional correctional treatment in a custodial environment stands amply supported by the record. Not only that, continued commitment to the custody of the Department of Corrections represents the least restrictive disposition consistent with the factors set forth in La. Ch.C. Art. 901. As for the consecutive nature of the commitment, an adult guilty of simple escape would mandatorily face incarceration of that type. See La. R.S. 14:110(B)(3); State v. Johnson, 495 So.2d 430 (La.App. 3d Cir.1986). That requirement obviously has been legislatively designed to deter escapes, along with the attendant dangers and costs frequently involved. Thus, in sum, this deposition does not shock our sense of justice. Neither is it grossly out of proportion to the seriousness of T.L.'s conduct, nor a needless or purposeless infliction of pain and suffering.

CONCLUSION
For these reasons, the adjudication and disposition are affirmed.
AFFIRMED.