73 So.3d 981 (2011)
STATE of Louisiana in the Interest of J.A.
No. 46,649-JAC.
Court of Appeal of Louisiana, Second Circuit.
August 10, 2011.
*982 Kammer & Huckabay, Ltd., Shreveport, LA, By Charles H. Kammer, III, for Appellant.
Charles Rex Scott, District Attorney, Lisa Ryder, Brian H. Barber, George Winston, Assistant District Attorneys, for Appellee.
Before STEWART, MOORE and LOLLEY, JJ.
MOORE, J.
J.A., age 16, admitted indecent behavior with a juvenile in violation of La. R.S. 14:81. The court adjudicated him a delinquent and ordered that he be committed to the custody of the Office of Juvenile Justice (OJJ) in a non-secure care facility for a period of time until his twenty-first birthday. J.A. filed this appeal alleging that the commitment is constitutionally excessive. For the following reasons, we affirm.

FACTS
While authorities were questioning the 11-year-old victim, B.A., regarding sexual molestation by her stepfather, she disclosed that she had also engaged in sexual activity with her "stepbrother," J.A.[1] several times in 2009 while the two stayed with their grandparents. At the time the incidents occurred, J.A. was 14 years old and B.A. was 9 years old. The sexual activity consisted of rubbing, "humping," and reciprocal oral sex. No intercourse occurred.
On November 19, 2010, the Caddo Parish DA's Office filed a petition in the Juvenile Court requesting that J.A. be adjudicated a delinquent.
On January 24, 2011, the juvenile admitted to the charge of indecent behavior with a juvenile in exchange for dismissal of the charge of oral sexual battery.
On March 10, 2011, a disposition hearing was held in which evidence including reports and testimony from social workers and psychologists who had performed various tests upon J.A. was adduced. The matter was continued until March 21, 2011, so that a victim impact statement could be provided to the trial judge.
On March 21, 2011, the trial judge adjudicated J.A. as a delinquent and committed him to the Office of Juvenile Justice until his 21st birthday, with a recommendation for non-secure care placement at Rutherford House. Due to the seriousness of the crime, the court ordered that J.A. continue sexual perpetrator counseling. The matter was set for an evaluation and placement hearing on April 4, 2011, and the trial judge indicated that his decision was subject to review on September 29, 2011.
J.A. filed a motion for appeal which was granted on March 25, 2011.

DISCUSSION
By his first assignment, counsel alleges that placing J.A. in the custody of the Office of Juvenile Justice until his twenty-first (21st) birthday, a period in excess of four years, was contrary to the law and evidence and constitutes a constitutionally *983 excessive commitment by failing to consider the least restrictive disposition.
The primary complaint pertains to the alleged excessive length of the appellant's commitment to the custody of the OJJ. He complains that custody at Rutherford House until age 21 was not recommended by the probation officer or the sexual counseling expert. The probation officer recommended that J.A. be committed to the OJJ for a period of two years, with the term of commitment being suspended, and that the juvenile be placed on probation for a period of two years.
The probation officer testified that in her 15-year history with the OJJ, she had never recommended such a lenient disposition as in this case. She noted that the incidents did not involve penetration; the victim was receiving appropriate counseling services; the victim's family did not want J.A. incarcerated; J.A. did not set out to actively engage in this type of behavior; J.A. had no history of sexual activity; J.A. was extremely remorseful and ashamed of his actions; J.A. has a loving and supportive family who have followed the court's recommendations in all respects; the psychosexual evaluation supported her position, and she did not think J.A. would re-offend.
In light of these factors, counsel contends that the trial judge abused his discretion in removing J.A. from his mother's home, especially because such a disposition is contrary to La. Ch.C. art. 901, which dictates that a court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal. He argues that the court should impose the least restrictive disposition authorized by La. Ch. C. arts. 897 through 900.
He further contends that there is no evidence that the welfare or the safety and protection of the public cannot be adequately safeguarded without the removal of J.A. from his mother's home, and the trial court imposed the lengthy commitment on grounds that a lesser commitment would deprecate the seriousness of the offense. Accordingly, he argues that the trial judge's decision is punitive in nature rather than rehabilitative and the disposition should be considered constitutionally excessive.
Initially, we note that Art. 898 of the Louisiana Children's Code requires that "[n]o disposition shall remain in force for a period exceeding the maximum term of imprisonment for the felony forming the basis for the adjudication." The felony offense of indecent behavior with a juvenile is punishable by a term of imprisonment with or without hard labor for not more than seven years. La. R.S. 14:81. Because the term of commitment of J.A. to the custody of the OJJ until his 21st birthday is between 4 and 5 years, it is within the limits of the statute. Nevertheless, a sentence within the statutory limit may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentencing judge does not possess unbridled discretion to impose a sentence within statutory limits, regardless of mitigating facts. La.-Const. art. 1, § 20. Id.
Part D of La. Ch. C. art. 901 lists the mitigating factors for the trial court's consideration in fashioning an appropriate disposition for a juvenile and states that the grounds, while not controlling the discretion of the court, shall be accorded weight in the determination of suspension of the disposition or probation.
La. Ch. C. art. 909 concerns modification of the disposition and states as follows:

*984 Except as provided for in Article 897.1, after the entry of any order of disposition, the court retains the power to modify it, including changing the child's legal custody, suspending all or part of any order of commitment, discharging conditions of probation, or adding any further condition authorized by Article 897(B) or 899(B). It may also terminate an order of disposition at any time while it is still in force.
In State in the Interest of T.L., 674 So.2d 1122 (La.App. 2 Cir. 5/8/96), this court stated that the judge adjudicating a child delinquent should impose the least restrictive disposition consistent with the circumstances of the case, the needs of the child, and the best interest of society. In any review of an adjudication of delinquency for constitutional excessiveness, the appellate court must first ascertain whether the lower tribunal took cognizance of the circumstances of the case, the needs of the child, and the best interest of society, and whether the record reflects an adequate factual basis for the commitment imposed. The test to be used in deciding whether the sentence imposed was excessive requires consideration of whether the sentencing judge took cognizance of the guidelines' criteria and whether the sentence was too severe in light of the circumstances and the juvenile's background. Absent a showing of manifest abuse of wide discretion, the disposition in a juvenile delinquency proceeding will not be set aside as constitutionally excessive. State in the Interest of T.L., supra.
In this case, the record reflects that the trial judge expressly considered the disposition guidelines provided by Art. 901 when considering his dispositional options. The court noted that the sexual acts of 14-year-old J.A. committed on the 9-year-old B.A. could not be characterized as experimentation, but were committed for J.A.'s own sexual gratification. The court also noted that the considerable age difference made this offense more serious and had greater impact on the very young victim in this case. Reviewing each of the factors under Art. 901, the court concluded that only the third factor, that a "lesser disposition will deprecate the seriousness of the child's delinquent act," indicated that some period of commitment was needed.
The court also reviewed each of the mitigating grounds in Art. 901 that should be given weight in determining whether suspension of the disposition or probation is appropriate. He found none applied in this instance. He concluded that the serious nature of the offense coupled with the impact on the child made a period of confinement necessary in this case. The court placed J.A. in the custody of OJJ until his 21st birthday in the non-secure group home setting.
We point out that this appeal was based upon the disposition rendered on March 21, 2011, from which J.A. filed his appeal four days later on March 25, 2011. However, on April 4, 2011, the trial judge accepted the OJJ's decision to return J.A. to his mother's home, to return him to the high school he was previously attending, and to keep J.A. in the custody of the OJJ until the decision was further modified by the trial judge. This was a legitimate modification of the disposition under La. Ch. C. art. 909, and it was approved by the judge at the hearing.
We conclude, based upon our review of the entire record, that the disposition rendered by the trial court was well-tailored to the facts in this case. This was a serious offense committed on a very young victim. We observe that J.A. had a tendency to account for his sexual behavior with B.A., at least in part, as arising from B.A.'s own allegedly seductive behavior. *985 However, this account is not substantially corroborated by the record, including the documents on file in this record regarding B.A.'s account of what happened. We think the trial court recognized this when it wisely ordered that the state produce victim impact evidence before rendering its disposition.
Finally, we note that the trial court clearly expressed its willingness to modify its order of disposition under Art. 909, and, in fact, did so on April 4, 2011. Other future modifications, including suspension or termination of the disposition, are certainly possible. Based on these considerations, there appears to be no argument left upon which to base a claim of constitutional excessiveness of the disposition.

CONCLUSION
We therefore conclude that the disposition of the trial court was not constitutionally excessive, nor an abuse of the court's discretion. The disposition is affirmed.
AFFIRMED.
NOTES
[1] Although much of the record and hearing transcripts refer to J.A. as B.A.'s stepbrother, J.A. is actually B.A.'s half brother. Both children have the same father.