# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-417

**STATE IN THE INTEREST OF C. C.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 5565
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and John E. Conery, Judges.

**AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, Louisiana 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **C. C.**

**Jimmy Dale Long, Jr.**
**Assistant District Attorney**
**Van Hardin Kyzar**
**District Attorney**
**Tenth Judicial District Court**
**Post Office Box 838**
**Natchitoches, Louisiana 71458-0838**
**(318) 357-2214**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**CONERY, Judge.**

A sixteen-year-old juvenile, C.C., appeals her secure confinement disposition on the petition of delinquency filed against her. The petition charged her with second degree robbery, a violation of La.R.S. 14:64.4. The trial court held an adjudication hearing on November 13, 2012, and found that C.C. had committed the charged offense and adjudicated C.C. a delinquent. The trial court ordered a Pre-Dispositional Investigation (PDI). The trial court conducted a dispositional hearing on February 4, 2013, and ordered C.C. to secure confinement until her twenty-first birthday for oral reasons assigned.

On appeal, C.C. challenges her disposition as excessive pursuant to the Eighth Amendment to the United States Constitution, which prohibits the imposition of cruel and unusual punishment. In addition, she objects to her disposition under Article 901(B) of the Louisiana Children's Code, which requires that "the court should impose the least restrictive disposition . . . consistent with the circumstances of the case, the needs of the child, and the best interest of society." Finding no abuse of discretion, we affirm the adjudication and disposition and remand for correction of errors patent.

## FACTS

At approximately 8:00 p.m. on August 21, 2012, C.C., her twelve-year-old brother, and Demarius Manning, an adult male,[1] went to the victim's home in Campti, Louisiana. At the time of the incident, Ms. Jackson was a ninety-three-year-old woman who had lived for fifty years in the same house, living alone for the last thirty years. For the past twenty years, she sold snacks out of her home to

---

[1] The PDI indicates Mr. Manning was seventeen years old at the time of the incident and is considered an adult under La.Ch. Code art. 804(1), despite being only one year older than C.C.

the neighborhood children. C.C., her brother, and Manning went to Ms. Jackson's home to buy ice cream. Ms. Jackson answered the door for the children and when her back was turned, C.C. allegedly struck her in the head with a glass vase. Ms. Jackson was knocked unconscious and fell to the floor. C.C.'s fingerprints were found on the vase. C.C. later told police that she thought Ms. Jackson was dead, until she saw her move just before C.C. left the Jackson residence. C.C. did not attempt to help Ms. Jackson or call for medical assistance.

Ms. Jackson suffered a concussion from the blow and fall, plus a scratched cornea, a fractured jawbone, bruised ribs and neck, and a laceration to her face requiring nine stitches. She was transported to the emergency room where she spent the rest of the night. Ms. Jackson required treatment the following day by an eye specialist in Shreveport, Louisiana, for her right eye, which was swollen shut.

After brutally striking the ninety-three-year-old victim and leaving her for dead, C.C., her brother, and Manning stole sodas and about thirty dollars from Ms. Jackson. Based on the evidence presented at the adjudication hearing, the trial court found that C.C. was the perpetrator and adjudicated her a delinquent juvenile on the charge of second degree robbery in violation of La.R.S. 14:64.4. Following a disposition hearing, C.C. was ordered to secure confinement until her twenty-first birthday.

## ERRORS PATENT

Although the Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review, this court has found that such a review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. In this case, there are several errors patent, all of which are discussed below.

First, the court minutes reflect that C.C. was not advised of her rights when she appeared to answer the allegations of the delinquency petition as required by La.Ch.Code art. 855, which states, in pertinent part:

> A. When the child appears to answer the petition, the court shall first determine that the child is capable of understanding statements about his rights under this Code.
>
> B. If the child is capable, the court shall then advise the child of the following items in terms understandable to the child:
>
> (1) The nature of this delinquency proceeding.
>
> (2) The nature of the allegations of the petition.
>
> (3) His right to an adjudication hearing.
>
> (4) His right to be represented by an attorney, his right to have counsel appointed as provided in Article 809, and his right in certain circumstances authorized by Article 810 to waive counsel.
>
> (5) His privilege against self-incrimination.
>
> (6) The range of responses authorized under Article 856.
>
> (7) The possible consequences of his admission that the allegations are true, including the maximum and minimal dispositions which the court might impose pursuant to Articles 897 through 900. . . .

Prior to C.C.'s court appearance to answer the allegations of the petition, a continued custody hearing was held. The court minutes of that proceeding indicate that C.C. was apprised of her right to an adjudication hearing, the right to be represented by an attorney, and the right to have counsel appointed. The remaining rights required by La.Ch.Code art. 855 are not mentioned in the court minutes. However, any error in failing to apprise C.C. of her rights pursuant to La.Ch.Code art. 855 is harmless, as she was represented by counsel and entered a plea of not

3

guilty to the allegations contained in the petition at the answer hearing. *See State in the Interest of C.P.*, 12-192 (La.App. 3 Cir. 6/6/12), 91 So.3d 1273.

Second, C.C.'s disposition hearing was not held within thirty days of the adjudication proceeding. C.C. was adjudicated delinquent by the court on December 6, 2012. At the close of the proceeding, the disposition hearing was set for January 29, 2013, beyond the time limitation of La.Ch.Code art. 892, which requires:

> Prior to entering a judgment of disposition, the court shall conduct a disposition hearing. The disposition hearing may be conducted immediately after the adjudication and shall be conducted within thirty days after the adjudication. Such period may be extended for good cause.

The original date set for the disposition hearing was the trial court's regular January juvenile court date, January 29, 2013, beyond the thirty day time limitation of La.Ch.Code art. 892. It is clear from the record that C.C.'s counsel participated in and agreed to the date.

On January 29, 2013, at the request of C.C.'s counsel, the disposition hearing was continued to February 4, 2013. The fact that the original disposition hearing date was set beyond the thirty day time limitation, in the absence of evidence of good cause for the delay, is an issue that has been recognized by this court as an error patent:

> In *State v. Johnson*, 363 So.2d 458 (La.1978), the supreme court, without determining the unreasonableness of the delay between trial and sentencing, held that since the defendant sustained no prejudice by the delay, he was not entitled to have his conviction and sentence set aside. In the case *sub judice*, there was a delay beyond that which is allowed under the statute. However, the delay was only three days and we find no prejudice from the delay given that defendant is going to be given credit for time served from the time of adjudication to the time of disposition. Furthermore, defendant does not allege any prejudice resulting from the delay. Therefore, we conclude that the drastic remedy of divesting the trial court of its

4

power to sentence is unwarranted under the facts of this case. Accordingly, we conclude that the delay of three days was harmless.

*State in the Interest of T.T.*, 96-6, p. 5 (La. App. 3 Cir. 5/8/96), 677 So.2d 466, 469.

In the present case, the twenty-three-day delay was substantially longer than the three-day delay at issue in *State v. Johnson.* However, C.C. does not allege any prejudice resulted from the delay. Accordingly, this error is harmless.

Third, the record before this court does not indicate that the trial court gave C.C. credit for time spent in secure detention prior to the imposition of disposition as required by La.Ch.Code art. 898(A). In *State in the Interest of J.F.*, 03-321, p. 8 (La.App. 3 Cir. 8/6/03), 851 So.2d 1282, 1287, this court explained, in pertinent part:

> [W]e note that the trial court failed to give J.F. credit for predisposition time served in a secure detention facility. Louisiana Children's Code Article 898(A) provides, in pertinent part, that "[t]he court shall give a child credit for time spent in secure detention prior to the imposition of disposition." While we recognize that the 1997 amendment to La.Code Crim.P. art. 880 releases us from recognizing the trial court's failure to give credit for time served as an error patent in adult criminal cases, we also recognize that the legislature did not amend La.Ch.Code art. 898(A). Consequently, we find it necessary to continue to recognize as an error patent the trial court's failure to give credit for time served in juvenile cases.

Therefore, this court amends C.C.'s disposition to give her credit for time served in secure detention prior to the imposition of disposition. Further, we instruct the trial court to note the amendment in the custody order and in the court minutes.

Fourth, this court finds C.C. was given insufficient information regarding the time delay for filing an application for post-conviction relief. Louisiana Code of Criminal Procedure Article 930.8 allows a defendant two years *after the judgment of conviction and sentence have become final* to apply for post-conviction relief.

Although no provision similar to La.Code Crim.P. art. 930.8 exists in the Children's Code, this court has previously held such notice should be given in a juvenile case. *State ex rel. J. F.*, 03-321 (La.App. 3 Cir. 8/6/03), 851 So.2d 1282. The trial court informed C.C. she had "two years to file for post-conviction relief," but she was not told when the period would begin to run.

Accordingly, the trial court is directed to inform C.C. of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to C.C. within ten days of the rendition of this opinion and to file written proof in the record that C.C. received the notice.

## ASSIGNMENT OF ERROR

C.C. asserts her sentence is excessive, and that the trial court failed to impose the least restrictive disposition.

## STANDARD OF REVIEW

In *State ex rel. A.B.*, 09-870, pp. 4-5 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012, 1015-16, this court set forth the applicable law when reviewing a juvenile's disposition, stating in pertinent part:

> With regard to disposition, La.Ch.Code art. 901 provides, in pertinent part:
>
>> A. In considering dispositional options, the court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal.
>>
>> B. The court should impose the least restrictive disposition authorized by Articles 897 through 900 of this Title which the court finds is consistent with the circumstances of the case, the needs of the child, and the best interest of society.

6

Additionally, this court, in *State ex rel. M.N.H.*, 01-1218, pp. 8-9 (La.App. 3 Cir. 2/6/02), 807 So.2d 1149, 1154-55, *writ denied*, 02-1041 (La.5/24/02), 816 So.2d 857, stated:

> When an excessive disposition is complained of in a juvenile proceeding, the record must be reviewed to determine whether the juvenile court imposed the least restrictive disposition consistent with the circumstances of the case, the child's needs, and the best interest of society. *State ex. rel. K.H.*, 98-632 (La.App. 5 Cir. 12/16/98); 725 So.2d 583; *State in Interest of T.L.*, 28,564 (La.App. 2 Cir. 5/8/96); 674 So.2d 1122. In any review for excessiveness, the appellate court must first ascertain whether the lower tribunal took cognizance of the general guidelines provided for juvenile cases in Louisiana Children's Code Article 901, and whether the record reflects an adequate factual basis for the commitment imposed. *State in Interest of T.L.*, 674 So.2d 1122. "Following that determination, the reviewing court need only explore for constitutional excessiveness in light of the circumstances of the case and the background of the juvenile." *Id.* at 1124. "[A]bsent a showing of manifest abuse of the wide discretion afforded in such cases, a disposition will not be set aside as constitutionally excessive." *Id.*

Louisiana Revised Statutes 14:64.4 provides the following penalty: "Whoever commits the crime of second degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years."

Louisiana Children's Code Article 897 provides in pertinent part:

> A. After adjudication of any felony-grade delinquent act other than those described in Article 897.1, the court may:
>
> (1) Reprimand and warn the child and release him into the custody of his parents either unconditionally or subject to such terms and conditions as deemed in the best interests of the child and the public.
>
> (2) Reprimand and warn the child and release him into the custody of some other suitable person either unconditionally or subject to such terms and conditions as deemed in the best interests of the child and the public. The court shall, whenever practicable, select a person of the same religious faith as the child or his parents.

7

(3) Place the child on probation in the custody of his parents or other suitable person.

. . . .

C. Except as provided for in Article 897.1, the court may commit the child to the custody of a private or public institution or agency. When commitment is to be made to a private institution or agency, the court shall:

(1) Select one that has been licensed under state law, if licensure is required by law for such an institution or agency.

(2) Whenever practicable, select an agency or institution of the same religious faith as the child or his parents.

D. Except as provided in Article 897.1, the court may commit the child to the custody of the Department of Public Safety and Corrections, with or without a recommendation that the child be placed in alternative care facilities through the department's client placement process, or be referred to appropriate placement resources in the state available through other public or private agencies.

E. Except as provided for in Article 897.1, the court may impose but suspend the execution of the whole or part of any order of commitment and place the child on probation subject to any of the terms and conditions authorized under Paragraph B of this Article.

## ANALYSIS

At the disposition, the trial court carefully reviewed all of the requirements of La.Ch.Code art. 901. In so doing, the trial judge stated specific and detailed reasons for imposing the disposition that C.C. be placed in the custody of the Department of Public Safety and Corrections, specifically the Office of Juvenile Justice, until her twenty-first birthday.

A psychological evaluation by Robert L. Krenek, Jr., Ph.D., and a PDI conducted by Chris Wyatt of the Office of Juvenile Justice (OJJ) were introduced into evidence. C.C. argues that the trial court failed to follow the recommendations of each that non-secure care with specialized training, counseling, and education

8

would be sufficient to address C.C.'s problems with anger, impulse control, and decision making.

The trial court rejected both the recommendation of non-secure care, as well as the plea agreement reached between the prosecution and the defense. C.C. urges the trial court placed too much emphasis on the harm to Ms. Jackson and the victim's wish that C.C. be punished to the fullest extent of the law. Additionally, C.C. argues the trial court erred in considering as aggravating factors her one prior misdemeanor offense of theft and C.C.'s previous removal from her mother's home, which she argues was not based on C.C.'s behavior. C.C. urges that neither of these factors suggested that C.C. is incorrigible or beyond the help that could be provided in a non-secure environment.

In making its decision that secure care until the age of twenty-one was the least restrictive disposition and in the best interest of the child, the trial court did thoughtfully consider all of the evidence, including the recommendation of Dr. Krenek, Jr. Ph.D. and the PDI prepared by OJJ. The trial court clearly articulated reasons that non-secure care would not be sufficient in the case of C.C.:

> This child does have a history of delinquent acts and has been uh, uh, removed from the home once by DCFS but has a history of delinquent acts. Those all appear in the staffings and in the investigative report. Now the recommendation of Dr. [Krenek] who was the evaluator did not include one word about this particular act and that is, that is most significant to me and that is that this juvenile went into this elderly woman's home, a person that she knew, a person that was familiar in the neighborhood, went into this lady's home who had been kind and given to the, provided snacks and uh, sold things so that the kids could have that available to them. She went into that home, into her home and she hit the woman in the head with a vase, knocked her to the ground and she believed she had killed her and she walked off and has not showed any sign of remorse in front of this Court or any time at all that I'm aware of. That was noted by the Department uh, of OJJ, not noted at all by Dr. [Krenek.] Uh, I've looked at this carefully and I believe that this child needs treatment and I think she can only get the kind of treatment that I think she needs in correctional treatment or in

a custodial environment. Because I think she needs a lengthy process because I believe that someone normally and that, that, that we look around us and live with us would have some sense of guilt or remorse after doing this to this elderly lady and this elderly lady was severely injured. This was not a small injury and hospitalized. So this Court does believe that the, that the uh, appropriate thing to do in this case and that the least restrictive under these circumstances is to remove the child from the home and place her in the custody of the Department of Public Safety and Corrections who particularly is the Office of Juvenile Justice, which is a division of the Department of Public Safety and Corrections.

The PDI recommended non-secure care based on the fact that this incident was C.C.'s first felony offense and that her only other previous offense was a theft of less than $300.00 in January of 2011, for which she was counseled and warned.

The PDI also listed as a basis for non-secure care, "C.C. acted under provocation from the adult male." The "adult" male, Manning, was seventeen, only one year older than C.C. Moreover, the record does not support this contention, as it was C.C. who actually struck Ms. Jackson with the vase. This court also finds it of interest that C.C. brought along her twelve-year-old brother, who was known to Ms. Jackson. His presence may have been the determining factor in Ms. Jackson opening her door to the three at eight o'clock at night, which was not her usual practice. The PDI further expressed "that C.C. would respond positively to a non-secure placement where both she and the family could receive counseling and support." However, the trial judge noted that C.C. had an apparent lack of guidance from her mother, which the court noted was evident at the disposition hearing, and did not support OJJ's conclusion that C.C. would respond to family counseling in a non-secure environment. Thus, there was a reasonable basis for the trial court to reject the non-secure recommendation of Dr. Krenek and OJJ's recommendation in the PDI.

The State responds that the trial court should be afforded wide discretion and its disposition should not be disturbed absent manifest abuse of discretion. The State correctly points out the trial court has discretion to modify the disposition at any time pursuant to La.Ch.Code art. 909, which provides in pertinent part:

> Except as provided for in Article 897.1, after the entry of any order of disposition, the court retains the power to modify it, including changing the child's legal custody, suspending all or part of any order of commitment, discharging conditions of probation, or adding any further condition authorized by Article 897(B) or 899(B). It may also terminate an order of disposition at any time while it is still in force.

The State further explains in brief, "Unlike adult courts, juvenile courts retain jurisdiction, can monitor the child's progress, and can change a disposition. The juvenile may file a motion to modify at any time. [La.Ch.Code] art. 910. The Department of Corrections may also request modification to a less restrictive disposition at any time. [La.Ch.Code] art. 911."

C.C.'s disposition of secure confinement until she is twenty-one amounts to five years of secure confinement. This sentence is well within the sentencing range had the crime been committed by an adult, which is not less than three and no more that forty years imprisonment. Thus, the question is whether the juvenile court imposed the least restrictive disposition that is consistent with the circumstances of the case, the child's needs, and the best interest of society.

The trial court, who was privy to all the evidence at the hearing, and had the first hand opportunity to observe C.C. and her mother, found that the circumstances of the crime, as well as C.C.'s significant lack of remorse or empathy for the victim, warranted secure care as the least restrictive disposition considering the circumstances, the needs of the child, and the best interest of society.

Based on the disposition ruling of the trial court, which extensively addresses the guidelines contained in La.Ch.Code art. 901, this court finds that the trial court did not abuse its vast discretion in imposing secure confinement until C.C. is twenty-one years old. As noted by the State, under La.Ch.Code art. 909, the Court retains the power to modify or terminate the disposition on motion of the juvenile (art. 910), or OJJ (art. 911).

## DISPOSITION

C.C.'s disposition is affirmed. However, this court amends C.C.'s disposition to give her credit for time served in secure detention prior to the imposition of disposition in accordance with La.Ch.Code art. 898(A) and further instructs the trial court to note the amendment in the custody order and in the court minutes. The trial court is also directed to inform C.C. of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to C.C. within ten days of the rendition of this opinion and to file written proof in the record that C.C. received the notice.

**AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.**