Judge Madeleine M. Landrieu
_JjR.C. appeals the juvenile court’s disposition sentencing him to four years in the custody of the Office of Juvenile Justice (“OJJ”) upon his plea of guilty to the charge of aggravated battery. For the reasons that follow, we affirm. •
FACTS AND PROCEEDINGS BELOW
On October 22, 2015, R.C. was charged by delinquency petition with attempted second degree murder for an incident in which R.C., then thirteen years old, shot and wounded his father. The facts surrounding the incident are not clear. R.C.’s father testified that he was in bed sleeping when he heard several loud bangs like gunshots and realized he had actually been shot. He went into R.C.’s room to look for him and discovered that' R.C. was the shooter. According to the father, R.C. shot him in the chest and in the face before he (the father) was able to escape through the front door.
R.C. said that he had been sleeping when he was awakened by a loud noise around 11:30 p.m. and heard his father scream. R.C. kept a gun under his bed. R.C. said that he panicked’ and the gun went off, and he then saw that the front door was open and his father was running to the neighbor’s house across the^street.[1] The State amended the charge from attempted second degree murder to aggravated battery, and R C. pled guilty. On July 29, 2016, after a disposition hearing, the juvenile court sentenced R.C. to serve four years at a secure facility in the custody of OJJ. R.C. now appeals that disposition, arguing that the sentence is excessive.
DISCUSSION
A juvenile has the same constitutional rights against excessive punishment as an adult. See La. Ch. C. art. 808; State in Interest of D.L.S., 30,322, p. 11 (La.App. 2 Cir. 1/21/98), 706 So.2d 187, 193. Article 1, Section 20 of the Louisiana Constitution of 1974 provides that “[n]o law shall subject any person ... to cruel, excessive, or unusual punishment.” Although within the statutory limits, a sentence is constitutionally excessive if it is “grossly out of proportion to the severity of the crime” or is “nothing more than the purposéless and needless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La. 1984). A trial judge has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. In addressing a constitutional excessiveness claim, the relevant issue is “not whether another sentence might have been more appropriate but whether the trial court abused its broad sentencing discretion.” State v. Smith, 2001-2574, p. 7 (La. 1/14/03), 839 So.2d 1, 4.
When a juvenile appeals his disposition as being excessive, the appellate court must first review the record to determine whether the juvenile court has imposed the least restrictive disposition that is consistent with the circumstances of Rthe case, the child’s needs, and the best interest of society. See La. Ch. C. arts. 683 and 901; State ex rel D.M., 2002-2528, pp. 9-10 (La.App. 4 Cir. 7/2/03), 851 So.2d 1216, 1222. “Following that determination, the reviewing court Heed only explore for constitutional excessiveness in light of the circumstances of the case and the back *965 ground of the juvenile.” Id., p. 10, 851 So.2d at 1222 (quoting State in interest of T.L., 28,564, p. 2 (La.App. 2 Cir. 5/8/96), 674 So.2d 1122, 1124.
The general guidelines for juvenile dispositions are provided in Article 901 of the Louisiana Children’s Code. In reviewing R.C.’s disposition, we must first determine whether the juvenile court took cognizance of these guidelines and whether the record reflects an adequate factual basis for the disposition imposed. Id. (citing State in Interest of T.L., 674 So.2d at 1122). Article 901(D) provides that “[i]n considering dis-positional options, the court shall not remove a child from the custody of his parents unless his welfare or the safety and protection of the public cannot, in the opinion of the court, be adequately safeguarded without such removal.” Article 901(C)(4) provides that commitment of the child to the custody of the Department of Public Safety and Corrections may be appropriate if “[t]he delinquent act involved the illegal carrying, use, or possession of a firearm.”
The maximum term of imprisonment for aggravated battery is ten years. La. R.S. 14:34(B). The Children’s Code limits the term of incarceration for a juvenile adjudicated delinquent to the date the child attains the age of twenty-one years. La. C.C. art. 898(E)(5). In the present case, R.C. was thirteen years old at the time of the commission of the offense. Thus, he faced a potential disposition term of eight years. The juvenile court sentenced R.C. to four years, which is well within the statutory limits.
|4R.C. argues that the juvenile court abused its discretion by sentencing him to the custody of OJJ rather than to home incarceration. He argues that the length of his sentence and his placement in secure care were punitive measures taken by the juvenile court due to the violent nature of his offense, and that the juvenile court did not follow the Article 901 guidelines. Specifically, R.C. argues that he should have been released into the custody of Renee Williams, a close family friend who is R.C.’s godmother.
Reviewing the record, we find that the juvenile court did not abuse its broad discretion in sentencing R.C. R.C. has a documented history of parental neglect and disruptive behavior that caused him to be shuttled back and forth between various family members since his mother’s incarceration when he was eight years old. R.C. shot his father four times in the head and chest under questionable circumstances. At the time of the disposition hearing, no family members were willing to take in R.C. because of negative experiences with him in the past. The presentence investigation report prepared by the OJJ recommended that R.C. be committed to a secure facility. Although his godmother, Ms. Williams, filed a motion expressing a willingness to take R.C., she did not testify, and the record shows that she has a special needs child residing in her home. It was appropriate for the juvenile court judge to consider whether placing R.C. in the Williams home might pose a risk to that child.
Two psychological assessments performed on R.C. approximately one year prior to the shooting revealed the doctors’ concerns about R.C.’s progressively antisocial attitudes and behavior. The Structured Assessment of Violence Risk in Youth (SAVRY) administered by OJJ found that R.C. presented a high risk for violence, as well as for non-violent and other delinquent re-offending. Dr. Mary 15Eeth Alvarez testified for the defense regarding her treatment of R.C. Although she stated that she did not believe R.C. was a danger to himself or others, she noted that R.C. had responded well to the structured environ- *966 merit of the Youth Study Center. She testified that the security, stability and consistent consequences of this environment contrasted sharply with the housing instability, insecurity, lack of adult supervision and exposure to violence and inappropriate sexual content in R.C.’s past.
In committing R.C. to the custody of OJJ, the juvenile judge emphasized that the disposition may be revisited by her at any time. She also considered R.C.’s need for services that will be available to him while he remains in the custody of OJJ. Considering the record, we find no abuse of discretion in the juvenile court’s disposition. We also do not find that the sentence is constitutionally excessive. It it is not grossly out of proportion to the severity of the crime, nor a purposeless or needless imposition of pain and suffering.
CONCLUSION
Accordingly, the judgment of the juvenile court is affirmed.
AFFIRMED
LOBRANO, J., CONCURS IN THE RESULT.

. R.C. did not testify. His version of events was provided to the court through the testimony of Ms. Vera Seals, R.C.’s probation officer who conducted the predisposition investigation.